IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-143-D

| | |
|---|---|
| MICHELE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

This Cause comes before the Court upon pro se Plaintiff's "Petition to Quash I.R.S. Summons." [DE-1]. Defendant has responded [DE-4], Plaintiff has replied [DE-5], and the matter is accordingly ripe for adjudication. For the reasons stated herein, the petition to quash is denied.

## I. Background

Janice Clark ("Agent Clark"), a revenue agent with the Internal Revenue Service ("IRS"), is conducting a civil investigation into whether Plaintiff owes federal income taxes for the years 2006 through 2009. [DE-4-1]. In furtherance of her investigation, Agent Clark issued IRS summonses to Bank of America, Equifax, Chex Systems, Inc., First Bank, Branch Banking & Trust Co. ("BB&T"), and Atlantic Savings & Loan, directing these entities to produce documents for examination and to designate witnesses to appear before the IRS on various dates in April 2011 to provide certain testimony. [DE-4-2-6]. None of the summoned entities appeared on their designated dates to provide testimony. Equifax, Chex Systems, and First Bank produced some documents in response. Bank of America, BB&T, and Atlantic Savings & Loan

have not produced any documents in response to the summonses. [DE-4-1]. On March 25, 2011, Plaintiff filed the instant petition to quash the summonses issued by the IRS.

## II. Legal Background

The IRS has broad authority to gather information in the course of conducting tax investigations. United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984). The IRS may begin investigating a taxpayer on the mere suspicion that he is violating the revenue laws. United States v. Powell, 379 U.S. 48, 53-56 (1964). Under 26 U.S.C. § 7602, the IRS may issue administrative summonses to any person or for any document that may be relevant to a tax investigation. The authority to issue administrative summonses includes the authority to issue summonses to third-party record-keepers, such as banks and financial institutions. 26 U.S.C. §§ 7602, 7603(b), 7609; Spell v. United States, 907 F.2d 36, 38 (4th Cir. 1990).

The taxpayer may file a petition to quash the summons.[1] 26 U.S.C. § 7609(b)(2). When a taxpayer or other interested party challenges enforcement of an IRS summons, the initial burden rests with the government to establish a *prima facie* showing of good faith in issuing the summons, requiring proof that the IRS has satisfied the following four elements: (1) the investigation is being conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) the administrative steps required by the Internal Revenue Code have been followed. *See* Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006) (citing Powell, 379 U.S. at 57-58). "The burden on the government to produce a *prima facie* showing of good faith in issuing the summons is

---

[1] Congress has waived sovereign immunity and consented to petitions to quash summonses, but the only proper respondent in such actions is the United States. Provenza v. Rinaudo, 586 F. Supp. 1113, 1117 (D. Md. 1984). Therefore, the Court dismisses the petition as against the IRS and Agent Clark and addresses the petition as against the United States only.

'slight or minimal.'" *Id.* (quoting <u>Mazurek v. United States</u>, 271 F.3d 226, 230 (5th Cir. 2001). To satisfy its burden, "the government need only present 'an affidavit of an agent involved in the investigation averring the *Powell* good faith elements' in order to establish a *prima facie* case for enforcement of a civil summons." *Id.* (quoting <u>Alphin v. United States</u>, 809 F.2d 236, 238 (4th Cir. 1987)).

> "Once the IRS has made such a showing . . . it is entitled to an enforcement order unless the taxpayer can show that the IRS is attempting to abuse the court's process. Such an abuse would take place . . . if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. The taxpayer carries the burden of proving an abuse of the court's process."

*Id.* (quoting <u>United States v. Stuart</u>, 489 U.S. 353, 360 (1989)).

The IRS's "'summons power should . . . be liberally construed in light of the purposes it serves.'" <u>Uhrig v. United States</u>, 592 F. Supp. 349, 352 (4th Cir. 1984) (quoting <u>Godwin v. United States</u>, 564 F. Supp. 1209, 1212 (D. Del. 1983)). As noted above, the IRS possesses the "power of inquisition" to investigate possible unpaid tax liabilities, and its inquisitory powers need not be supported by probable cause that wrongdoing has occurred. <u>Powell</u>, 379 U.S. at 57; *see also* <u>United States v. Bisceglia</u>, 420 U.S. 141, 146 (1975) ("The purpose of the [summons] statutes is not to accuse, but to inquire."). Although a court will not enforce a summons that appears to be a groundless fishing expedition through taxpayer records, the IRS need only convince the court that it "has a 'realistic expectation rather than an idle hope that something may be discovered.'" <u>United States v. Richards</u>, 631 F.2d 341, 345 (4th Cir. 1980) (quoting <u>United States v. Harrington</u>, 388 F.2d 520, 524 (2d Cir. 1968)). "This standard generally will be satisfied where the summons pertains to 'a legitimate investigation of an ascertainable target.'" <u>United States v. O'Shea</u>, 662 F. Supp. 2d 535, 541 (S.D. W. Va. 2009) (quoting <u>Tiffany Fine</u>

Arts, Inc. v. United States, 469 U.S. 310, 320 (1985)).  "Provided that the four good faith elements are satisfied, no greater justification is required." *Id.*

In marked contrast to the burden placed on the government, the taxpayer bears a heavy burden to prove an abuse of process.  *See* Alphin, 809 F.2d at 238.  The taxpayer can establish that an abuse of process has occurred by disproving one or more of the four good faith elements averred by the government.  United States v. McHenry, 552 F. Supp. 2d 571, 574 (E.D. Va. 2008).  Notwithstanding the government's good faith, a taxpayer also may successfully resist an IRS summons by raising and proving a valid affirmative defense.  *See* Alphin, 809 F.2d at 238.

### III. Analysis

Here, Defendant has satisfied its burden of a *prima facie* showing of good faith in issuing the summons by producing a declaration from Agent Clark that meets the requirements of the *Powell* analysis.  Under the first prong, the United States must demonstrate that the agent issued the summonses for a proper purpose.  Powell, 379 U.S. at 57-58.  Proper purposes include verifying the correctness of the taxpayer's tax return, determining the taxpayer's liabilities, preparing tax returns if the taxpayer did not file them where he is required to by law, and locating assets to satisfy an unpaid tax liability.  Spell, 907 F.2d at 37-38.  Agent Clark's affidavit states that the purpose of the instant investigation is to determine "whether [Plaintiff] was required to file federal income tax returns for the years 2006, 2007, 2008, and 2009 and whether she owes federal income taxes for these same periods." [DE-4-1].  This is a proper purpose that meets the first requirement of *Powell*.

Under the second prong of the *Powell* analysis, the United States must demonstrate that the summoned records may be relevant to the investigation.  Powell, 379 U.S. at 57-58.  Here, the requested records include bank statements, credit reports, and cancelled checks for the years

2006 through 2009. These records may show the sources and amount of income that Plaintiff received during those years and may also show her knowledge of financial activity. Accordingly, the summoned records are relevant to Agent Clark's investigation.

Defendant has also satisfied the third step of the *Powell* analysis, because Agent Clark's declaration establishes that the IRS does not have the requested records. The affidavit of the issuing agent is sufficient to establish that the IRS does not possess the requested documents. Conner, 434 F.3d at 681.

Finally, Agent Clark's declaration establishes that she followed the required administrative steps. Powell, 379 U.S. at 57-58. The affidavit demonstrates that Agent Clark is authorized to issue summonses and that she served an attested copy on each bank by certified mail pursuant to 26 U.S.C. §§ 7602, 7603(b), and 7609. Thus, Defendant has established a *prima facie* case for enforcement of the summonses. The burden therefore shifts to Plaintiff to show that enforcement constitutes an abuse of process by disproving one or more of the four good faith elements averred by the government. Conner, 434 F.3d at 680. Plaintiff may also raise and prove a valid affirmative defense. Alphin, 809 F.2d at 238.

Plaintiff argues that the IRS summonses should be quashed because Agent Clark lacks authority to issue the summonses under 26 U.S.C. § 7608. Section 7608 defines the authority of internal revenue enforcement officers in criminal matters. The instant case is civil, however, and 26 U.S.C. § 7608 therefore has no bearing here. Accordingly, Plaintiff's argument is unpersuasive. Plaintiff further maintains that Defendant "is conducting an unauthorized fishing expedition." [DE-5, p.6]. But as explained *supra*, Agent Clark's affidavit establishes that the summonses were issued for a proper purpose, and Plaintiff's mere assertion of a fishing expedition does not satisfy her "heavy burden" of refuting Defendant's *prima facie* case. Alphin,

809 F.2d at 238. Plaintiff fails to demonstrate that enforcement of the summonses would be an abuse of court process. Nor has she offered an affirmative defense. Her petition to quash the IRS summonses is therefore without merit.

## IV. Conclusion

For the foregoing reasons, Plaintiff's "Petition to Quash I.R.S. Summons" [DE-1] is DENIED. Further, Plaintiff's petition as against defendants Janice Clark and the IRS is DISMISSED, because they are improper parties to this action.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 20th of June, 2011.

_____/s/ Will A. Webb_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE